### RUBE SAWYER v. THE STATE.

#### No. 4077. Decided February 19, 1908.

**1.—Local Option—Sale—Sufficiency of Evidence.**

See opinion for facts held to be sufficient to constitute a sale of intoxicating liquors in local option territory. Davidson, Presiding Judge, dissenting.

**2.—Same—Indictment—Surplusage.**

Where upon trial for a violation of the local option law, the indictment, without any particular reference to anything, used the words, "did then and there unlawfully an election was held in accordance with the laws of the State," the same was surplusage, and the indictment nevertheless sufficient.

Appeal from the County Court of Eastland. Tried below before the Hon. E. A. Hill.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for violating the local option law.

Rawson testified for the State, in effect, that on the 24th of December, 1906, he overtook appellant en route and went with him to Cisco. On reaching town, appellant told witness that he had a package at the depot C. O. D. Witness told appellant that he would help pay it out, and for that purpose handed him a dollar. This was all that was said. They separated for some hours. This conversation occurred about 1 o'clock in the day. About 5 o'clock that evening witness overtook appellant on the street, and together they went to the depot. The express agent was absent. The witness returned to town, leaving appellant at the depot. In about half an hour or an hour the witness says he was in an alley at a wagon yard where defendant and others were

near by in a buggy, and still others standing around. That Omar Pass then handed him, witness, a quart of whisky in a bottle and told the witness it was his. The witness Rawson testifying, stated, "Defendant had nothing to do or say about the matter, but was talking to some one or more in the buggy as they sat there. The defendant never did deliver me himself any whisky, and I never did get any from him in person. Omar· Pass handed me the whisky in the presence of several who were there, Messrs. Jacobs and others." This was the only whisky the witness got during the day.

Omar Pass testified, "I never did deliver to Felix Rawson at Cisco or any other place in Eastland County, Texas, a bottle of whisky, nor a quart of whisky, nor a bottle of anything for myself or for the defendant. At the time testified here on the stand by Felix Rawson, on 24th day of December, 1906, I was there at Cisco, late in the evening in the alley at the wagon yard, and the defendant and some one or more were near by in a buggy, and there was whisky there, but I never did give nor hand to said Rawson any bottle or whisky at all." This is the testimony in the case, and the majority of the court are of opinion that the jury were justified in the conviction. The writer does not think the evidence is sufficient to show the appellant let the alleged purchaser have the whisky.

Motion to quash the indictment was urged. That portion of it complained of is as follows: "On or about the 15th day of October, A. D., One Thousand Nine Hundred and One (1901), and anterior to the presentment of this indictment, in the County of Eastland, and State of Texas, did then and there unlawfully an election was held in accordance with the laws of the State." There are several criticisms made to this expression. If it was intended to charge that an election was unlawfully held, then, of course, the indictment would be vicious. This clause is placed in the indictment without any particular reference to anything, unless it is to the holding of the election, because this clause which charges a sale is at the close of the indictment; all the other allegations with reference to the steps putting the law into operation are charged between that quoted and the latter clause of the indictment, charging the sale. We are of opinion this expression can be treated as surplusage without doing violence to the proper rules of pleading and the indictment held sufficient.

The judgment is affirmed.

*Affirmed.*